| | |
|---|---|
| **POGUST MILLROOD, LLC**<br>Tobias L. Millrood, Esquire<br>Gabriel C. Magee, Esquire<br>Attorney I.D. Nos. 314912/311646<br>161 Washington Street, Suite 940<br>Conshohocken, PA 19428<br>Tel: (610) 941-4204<br>gmagee@pogustmillrood.com<br>*Attorneys for Plaintiffs (additional counsel on signature line)* | **THIS IS NOT AN ARBITRATION COMPLAINT AN ASSESSMENT OF DAMAGES HEARING IS REQUIRED** |

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN (JACK) MCPEAK** and<br>**ROBIN MCPEAK**<br>51 Rock Ridge<br>Morgantown, PA 19543 | )<br>)<br>)<br>)<br>) | |
| Plaintiff, | ) | Case No. |
| v. | )<br>)<br>) | DEMAND FOR JURY TRIAL |
| **DIRECT OUTDOOR PRODUCTS, LLC**<br>SERVE REGISTERED AGENT:<br>Glenn D. Woodard<br>2626 Cole Avenue, Suite 510<br>Dallas, Texas 75204-1052 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

### CIVIL ACTION COMPLAINT

COME NOW Plaintiffs, by and through their counsel of record, and for their causes of action against Defendant, states and alleges as follows:

1

## PARTIES

1. Plaintiffs John (Jack) McPeak and Robin McPeak, were and are residents and citizens of the Commonwealth of Pennsylvania, residing in Morgantown, Berks County, Pennsylvania. Robin McPeak is the spouse of Jack McPeak.

2. Defendant Direct Outdoor Products, LLC hereinafter is a limited liability company operating under the laws of Texas with a principal place of business at 11550 South Pipeline Road, Euless, TX 76040-6712. On information and belief, Defendant Direct Outdoor Products, LLC is comprised of a single member, Eric Shen, who does not reside in the Commonwealth of Pennsylvania.

## JURISDICTION, VENUE, AND SERVICE OF PROCESS ALLEGATIONS

3. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as Plaintiffs are citizens of Morgantown, Berks County, Pennsylvania and no Defendant resides in, is incorporated in, or maintains its principal place of business within the Commonwealth of Pennsylvania and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant as it manufactures goods to be sold in the Commonwealth of Pennsylvania, through authorized distributors, and has engaged in continuous and systematic business activities within the Commonwealth of Pennsylvania. Defendant Direct Outdoor Products may be served through its registered agent at the above-listed address. This Court also has personal jurisdiction over each of the Defendants pursuant to 42 Pa. C.S § 5322.

5. Venue is proper within the Eastern District of Pennsylvania because the incident that gives rise to this Complaint occurred within Chester County, Pennsylvania.

## INTRODUCTION AND ALLEGATIONS AS TO ALL COUNTS

6. This is an action for damages suffered by Plaintiffs as a direct and proximate result of Defendant's negligent and wrongful conduct in connection with the design, manufacture, testing, marketing, warning, and/or sale of the Marksman Model 02-MKHS01-B01 24" x 29.5" hang on stand (hereinafter "subject tree stand" or "subject hang on stand").

7. At all times relevant to Plaintiffs' Complaint, Defendant engaged in the design, assembly, manufacture, marketing, selling, packaging and/or distribution of tree stands, including the Marksman Model 02-MKHS01-B01 24" x 29.5" hang on stand, in various states, including the Commonwealth of Pennsylvania.

8. At the time of the incident the subject tree stand was in substantially the same condition as it was when it left the control of Defendant and/or Defendant's design and manufacturing facility.

9. Defendant intentionally introduced and distributed the tree stand into the Commonwealth of Pennsylvania for retail to customers. Plaintiffs aver that the defective product was intentionally shipped to Plaintiffs in Morgantown, Pennsylvania.

10. At all times relevant to Plaintiffs' Complaint, Defendant engaged in the creation of safety warnings and instructions which are disseminated to consumers.

11. In 2014, Plaintiff Jack McPeak purchased the subject hang on stand from Defendant based on the representation that it was new and could be used for its intended purpose.

12. Before use, Plaintiff reviewed the written warnings and instructions on assembly, use, and maintenance that are provided with the stand, including the instructional DVD.

13. Plaintiff used the stand intermittently (2-3 days per use) during the 2014, 2015, 2016, 2017, and 2018 hunting season.

14. After each use, Plaintiff's practice was to take down the subject stand and store it in his garage.

15. On or about October 17, 2018, Plaintiff was using Defendant's hang on stand in attempt to achieve an elevated tree position on land located within Chester County, Pennsylvania.

16. After selecting a tree in accordance with the manufacturer's instructions, Plaintiff ascended the tree using a lineman's belt and ladder sticks. Once he reached the desired height, Plaintiff pulled up the hang on stand using a haul line and secured the stand to the tree using ratchet straps. Plaintiff then descended the tree to grab his safety rope.

17. Plaintiff again ascended the tree using his lineman's belt and ladder sticks. When he reached subject stand, Plaintiff removed his lineman's belt so that he could move from the ladder sticks to the subject stand.

18. However, as soon as Plaintiff's weight completely transferred to the hang on stand, the support cable suddenly, and without warning, failed resulting in Plaintiff falling approximately 20 feet from the tree and suffering serious and permanent injuries.

4

19. Mr. McPeak crawled approximately 150 yards to his truck where he called for emergency medical assistance. Mr. McPeak was taken by ambulance to the emergency department at Paoli Hospital in Paoli, Pennsylvania

20. At Paoli Hospital, Mr. McPeak was diagnosed with a closed displaced fracture of this left calcaneus or heel, compartment syndrome of the left foot and a closed unstable burst fracture of his L2 lumbar vertebrae with herniated L4-5 discs. Mr. McPeak underwent surgery for his foot injury and continued treatment for his spinal injury.

21. Mr. McPeak suffered permanent and debilitating injuries to his back/spine, left foot, and ankle that resulted in pain, discomfort, and loss of function and movement.

22. Plaintiffs are bringing this action to recover damages from Defendant arising from Mr. McPeak's personal injuries caused by the failure of the subject stand and resulting fall, as well as the derivative loss of consortium suffered by Mrs. McPeak.

23. Plaintiffs' damages include past and future: medical expenses, mental and physical pain and suffering, loss of earnings, impaired earning capacity, permanent disability, and other general and special damages in an amount to be determined by the jury at trial of this action.

24. The damages sustained by Plaintiff Robin McPeak include loss of consortium, mental anguish and emotional distress, and other general and special damages in an amount to be determined by the jury at trial of this action.

**COUNT I**
**STRICT LIABILITY – PRODUCT DEFECT (DESIGN AND MANUFACTURE)**

25. Plaintiffs incorporate herein by reference each and every allegation set forth in Paragraphs 1 through 24 of the Complaint as though set forth herein.

26. Defendant, acting by and through its duly-authorized officers, managers, agents, servants, and/or employees, designed, manufactured, distributed, and sold, the subject tree stand to be placed in the stream of interstate commerce, with the expectation and result that the subject tree stand would reach the consumer in substantially the same condition as originally designed and manufactured.

27. The subject tree stand did reach the consumer in substantially the same condition as originally designed and manufactured by Defendant and was purchased in said condition by Plaintiffs.

28. Defendant sold, designed, manufactured, and distributed the subject tree stand in the usual course of business.

29. The subject tree stand was in a defective condition, and when put to normal use, was dangerous beyond the reasonable consumer's expectations, including the expectations of Plaintiffs.

30. The subject tree stand was in a defective condition and was unreasonably dangerous when put to a normal use.

31. The subject tree stand was used by Plaintiff in a manner reasonably anticipated, foreseen, encouraged, and accommodated by Defendant in the design, manufacture, and marketing of the subject tree stand.

32. As a direct result of the defective condition of the subject tree stand, Plaintiff sustained permanent and progressive injuries as previously set forth herein.

33. WHEREFORE, Plaintiffs pray for compensatory damages under Count I of their Complaint against Defendant, for such damages exceeding $75,000.00 as

determined by the jury at trial, costs incurred, and for such further relief as the Court deems just and proper.

## COUNT II
## STRICT LIABILITY - FAILURE TO WARN

34. Plaintiffs incorporate herein by reference each and every allegation set forth in Paragraphs 1 through 24 of the Complaint as though set forth fully herein.

35. Defendant knew, or should have known, that the subject tree stand was unreasonably dangerous when put to a normal use by consumers without knowledge of the dangers associated with the use and operation of the hang on stand, including its characteristic to suddenly, and without warning, break or fail.

36. Defendant failed to warn its consumers of the propensity of the subject tree stand to suddenly, and without warning, break or fail.

37. Plaintiff had no knowledge of such defective conditions that were present in the subject tree stand and, therefore, had no reason to suspect that it was unreasonably dangerous to use the tree stand he purchased and reasonably relied on Defendant's representations as to its safe use.

38. As a direct and proximate result of Defendant's failure to warn of the defective and unreasonably dangerous condition of the subject tree stand, Plaintiff fell and sustained permanent and progressive injuries as previously set forth herein.

39. WHEREFORE, Plaintiffs pray for compensatory damages under Count II of their Complaint against Defendant, for such damages exceeding $75,000.00 as determined by the jury at trial, costs incurred, and for such further relief as the Court deems just and proper.

## COUNT III

## NEGLIGENT DESIGN AND MANUFACTURE

40. Plaintiffs incorporate herein by reference each and every allegation set forth in Paragraphs 1 through 24 of the Complaint as though set forth fully herein.

41. Defendant negligently designed, manufactured, sold, and distributed the subject tree stand in a defective and unreasonably dangerous condition.

42. Defendant was negligent in designing and manufacturing hang on stands that were unreasonably dangerous in their normal, foreseeable, and ordinary use. Specifically, the hang on stand was defectively designed and manufactured in the following respects: when Plaintiff Jack McPeak shifted his weight from his climbing sticks to the subject hang on stand, the support cables suddenly and without warning failed and/or broke, causing Plaintiff to fall approximately fifteen (15) feet to the ground. Defendant was further negligent in one or more of the following respects, to wit:

   a. the subject hang on stand and its component parts was made of improper or defective materials;

   b. the subject hang on stand and its component parts were of inadequate dimensions or strength;

   c. the subject hang on stand and its component parts were inadequately tested; and

   d. the subject hang on stand and its component parts were improperly designed and tested to withstand natural and environmental degradation that is within the intended, normal, and foreseeable uses of an outdoor, hunting product; and

  e. the subject hang on stand and its component parts were improperly designed to support the weights and stresses of a user or consumer within the represented weight capacity.

43. As a direct and proximate result of Defendant's negligent design, manufacture, sale, and distribution of the tree stand, Plaintiff fell and sustained permanent and progressive injuries as previously set forth herein.

44. WHEREFORE, Plaintiffs pray for compensatory damages under Count III of their Complaint against Defendant, for such damages exceeding $75,000.00 as determined by the jury at trial, costs incurred, and for such further relief as the Court deems just and proper.

## COUNT IV
## NEGLIGENT FAILURE TO WARN

45. Plaintiff incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 24 of the Complaint as though set forth herein.

46. Defendant negligently failed to warn that the subject hang on stand and component parts were inherently weak and had a propensity to break and fail.

47. Defendant negligently misrepresented the subject hang on stand could withstand weight loads that it was incapable of supporting and that it had a greater useful life than it was designed or manufactured to withstand. Plaintiff relied upon the representations made by Defendant as to the strength, safety, and use of the hang on stand.

48. Prior to utilizing his hang on stand, Plaintiff did not have knowledge of any defective conditions present in the subject hang on stand and had no reason to suspect the subject stand was unreasonably dangerous.

49. As a direct and proximate result of Defendant's negligent failure to warn of the defective and unreasonably dangerous condition of the subject tree stand, Plaintiff fell and sustained permanent and progressive injuries as previously set forth herein.

50. WHEREFORE, Plaintiffs pray for compensatory damages under Count IV of their Complaint against Defendant, for such damages exceeding $75,000.00 as determined by the jury at trial, costs incurred, and for such further relief as the Court deems just and proper.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

51. Plaintiffs incorporate herein by reference each and every allegation set forth in Paragraphs 1 through 24 of the Complaint as though fully set forth herein.

52. Defendant designed, manufactured, distributed, and sold the subject hang on stand to be placed in the stream of interstate commerce, with the expectation and result that the tree stand would reach users and consumers in substantially the same condition as originally designed and manufactured, and fit for its intended purpose.

53. At all relevant times, Defendant intended that the subject hang on stand be used for the purposes and in the manner that Plaintiff utilized it and the Defendant impliedly warranted that the product was of merchantable quality, safe and fit for such use, and to have been adequately tested.

54. Defendant then knew or should have known of the use for which the subject hang on stand was purchased.

55. Plaintiffs reasonably relied upon Defendant's implied warranties that the subject hang on stand was fit for such use.

56. When sold by Defendant, the subject hang on stand was not fit for such use.

57. As a direct and proximate result of the subject tree stand being unfit for such use, Plaintiffs were damaged.

58. Defendant breached the implied warranties to Plaintiffs in that the product was not of merchantable quality, safe and fit for its intended use, or adequately tested, in violation of common law principles and the following statutory provision: 13 Pa. Stat. Ann. §§2314 *et seq.*

59. WHEREFORE, Plaintiffs pray for compensatory damages under Count V of their Complaint against Defendant, for such damages exceeding $75,000.00 as determined by the jury at trial, costs incurred, and for such further relief as the Court deems just and proper.

## COUNT VI
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

60. Plaintiffs incorporate herein by reference each and every allegation set forth in Paragraphs 1 through 24 of the Complaint as though set forth fully herein.

61. Defendant designed, manufactured, distributed, and sold, the subject hang on stand.

62. When sold by Defendant the subject hang on stand was not fit for one of its ordinary purposes.

63. Defendant breached the implied warranties to Plaintiffs in that the product was not of merchantable quality, safe and fit for its intended use, or adequately tested, in violation of common law principles and the following statutory provision: 13 Pa. Stat. Ann. §§2314 *et seq.*

64. As a direct and proximate result of the subject tree stand being unfit for such use, Plaintiffs were damaged.

65. WHEREFORE, Plaintiffs pray for compensatory damages under Count VI of their Complaint against Defendant, for such damages exceeding $75,000.00 as determined by the jury at trial, costs incurred, and for such further relief as the Court deems just and proper.

### COUNT VII
### VIOLATION OF CONSUMER PROTECTION LAWS

66. Plaintiffs incorporate herein by reference each and every allegation set forth in Paragraphs 1 through 24 of the Complaint as though set forth fully herein.

67. 73 P.S. § 201-1 – 201-9.3, et seq., ("Pennsylvania Unfair Trade Practices and Consumer Protection Law" or "UTPCPL") makes it unlawful for a person or business to employ "Unfair methods of competition" and "unfair or deceptive acts or practices" by representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have. 73 P.S. § 201-2 (4)(v).

68. It also prohibits "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2 (4)(xxi).

69. The Defendants violated the statutes that were enacted to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices and false advertising, by knowingly and falsely representing the subject hang on stand was fit to be used for the purpose for which it was intended, when in fact it was

defective and dangerous, and by other acts alleged herein. These representations made in uniform promotional materials and product labeling.

70. The Defendant's representations that the subject hang on stand was safe and effective for its intended use constitute unfair and deceptive acts and trade practices in violation of the state consumer protection statutes, including but not limited to 79 Pa. Stat. §§201-1 *et seq*.

71. Plaintiff relied upon the Defendant's misrepresentations and/or omissions in determining which product to use.

72. Had the Defendant not engaged in the deceptive conduct described above, Plaintiffs would not have purchased and/or paid for the subject hang on stand and would not have incurred the alleged injuries, medical costs, and damages.

73. By reason of the unlawful acts of the Defendant, and as a direct and proximate result thereof, Plaintiffs have suffered ascertainable losses and damages.

74. WHEREFORE, Plaintiffs pray for compensatory damages under Count VII of their Complaint against Defendant, for such damages exceeding $75,000.00 as determined by the jury at trial, costs incurred, and for such further relief as the Court deems just and proper.

## COUNT VIII
## LOSS OF CONSORTIUM

75. Plaintiff Robin McPeak incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 74 of the Complaint as though set forth fully herein.

76. As a result of the carelessness, negligence and recklessness of the Defendant, Plaintiff Robin McPeak has been deprived and will continue to be deprived of her husband's society, companionship, support and services of her husband, aid, comfort and companionship, all to her great detriment and loss.

77. WHEREFORE, Plaintiff Robin McPeak prays for compensatory damages under Count VII of the Complaint against Defendant, for such damages exceeding $75,000.00 as determined by the jury at trial, costs incurred, and for such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

78. Plaintiffs pray that the causes of action alleged herein be tried in this Court before a jury of their peers.

RESPECTFULLY SUBMITTED this 19th day of August, 2019.

RESPECTFULLY SUBMITTED,

POGUST MILLROOD, LLC

Tobias L. Millrood, Esq.
161 Washington Street
Conshohocken, PA 19428
Tel: (610) 941-4273
Fax: (610) 941-4245
tmillrood@pogustmillrood.com

and

MONSEES & MAYER, P.C.

*/s/ Timothy W. Monsees*
Timothy W. Monsees, MO # 31004
Phillip R. Martens, MO # 69213
4717 Grand Ave, Suite 800

Kansas City, MO 64112
Tel: (816) 361-5555
Fax: (816) 361-5577
tmonsees@monseesmayer.com
rmartens@monseesmayer.com

**ATTORNEYS FOR PLAINTIFF**

## **VERIFICATION**

I verify that upon my knowledge or information and belief the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. This statement is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: 8/19/19

Tobias L. Millrood, Esq.
*Attorney for Plaintiff*

16

## **VERIFICATION**

I verify that upon my knowledge or information and belief the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. This statement is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: 8/19/19

Tobias L. Millrood, Esq.
*Attorney for Plaintiff*